# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT INC., d.b.a. INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN URIEL ALVARADO, d.b.a. COPAN SULA RESTAURANT, *et al.*,<br><br>Defendants. | CV 20-02655 TJH (PLAx)<br><br>Order<br>and<br>Judgment<br>JS-6 |

    The Court has considered Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media's ["Innovative"], renewed motion for default judgment and motion to dismiss its remaining claims, together with the moving papers.

    Innovative holds the exclusive United States commercial distribution rights to the *Honduras v. Ecuador International Soccer Match* ["the Soccer Game"], which was broadcasted nationwide on March 26, 2019.

    On March 20, 2020, Innovative filed this action, alleging that Defendants Edwin Uriel Alvarado, d.b.a. Copan Sula Restaurant ["E. Alvarado"], Hector Leonel Alvarado, d.b.a. Copan Sula Restaurant ["H. Alvarado"], and Honduran Enterprises,

Inc.. d.b.a. Copan Sula Restaurant ["Honduran"] displayed, without a license, the Soccer Game at Copan Sula Restaurant ["Copan Sula"], the restaurant owned by Honduran, of which E. Alvarado and H. Alvarado are directors and shareholders. The complaint alleged four claims: (1) Unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C. § 553; (3) Conversion; and 4) Violation of California's unfair competition law, Cal. Bus. and Prof. Code § 17200, *et seq*.

E. Alvarado, H. Alvarado, and Honduran have never appeared in this action. On May 6, 2020, the Clerk of Court entered their defaults.

On June 19, 2020, Innovative, unsuccessfully, moved for default judgment. Innovative provided evidence that E. Alvarado and H. Alvarado were officers and stockholders of Honduran and that Honduran owned Copan Sula. However, Innovative failed to establish liability as to any claim other than its conversion claim. Consequently, the Court denied Innovative's motion as to all claims because if the Court had granted the motion Innovative would not have been able to renew it motion as to its § 605 claim because of the ban against double recovery.

Innovative, now, moves for default judgment with respect to its conversion claim and, also, moves to dismiss its remaining claims.

**Default Judgment**

When reviewing this motion for default judgment, the Court must consider the following factors: (1) The possibility of prejudice to Innovative; (2) The merits of Innovative's substantive claim; (3) The sufficiency of the complaint; (4) The sum of money at stake; (5) The possibility of a dispute concerning material facts; (6) Whether the Defendants' defaults were due to excusable neglect; and (7) Federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Regarding the first factor, the possibility of prejudice to Innovative is high because if this motion is denied Innovative will have no alternative recourse for its claims. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal.

2005) (citing *Eitel*, 782 F.2d at 1471-72).

Regarding the second and third factors, the Court must accept the factual allegations in the complaint regarding liability as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). To prevail on a conversion claim, Innovative must allege: (1) That Innovative owned or had the right to possess the property at issue; (2) Wrongful disposition of the property right by the Defendants; and (3) Damages. *See Tyrone Pac. Intern. Inc. v. MV Eurychilli*, 658 F.2d 664, 666 (9th Cir. 1981). The Court previously held that Innovative sufficiently alleged liability against the Defendants as to its conversion claim. Thus, Innovative has established liability for its conversion claim, here.

Regarding the fourth factor, Innovative requested $1,250.00 in damages for its conversion claim. Innovative provided evidence that the Defendants would have had to pay a licensing fee of $1,250.00 to lawfully display the Soccer Game, which is the proper measure of damages for a conversion claim, pursuant to Cal. Civ. Code § 3336.

Regarding the fifth factor, there is little possibility of a dispute concerning the material facts of this case. The Court must accept the factual allegations in the complaint regarding liability as true, and the Defendants failed to oppose this motion. *See Geddes*, 559 F.2d at 560.

Regarding the sixth factor, it is unlikely that the Defendants' inaction was due to excusable neglect. They have never participated in this action.

Regarding the seventh factor, although federal policy favors decisions on the merits, all other *Eitel* factors weigh in favor of the Court granting default judgment against the Defendants.

**Damages**

Innovative sought $1,250.00 in conversion damages. Generally, upon default, the facts alleged in the complaint, except those facts relating to the amount of damages, are taken as true. *See Geddes*, 559 F.2d at 560. Pursuant to Cal. Civ. Code § 3336, damages for conversion are based on the property's value at the time of the conversion.

Innovative provided an affidavit from investigator Brahman Turner, which stated that Turner observed the Soccer Game being displayed at Copan Sula on multiple screens. Turner estimated that the maximum capacity of the restaurant was 150 people. Innovative, also, submitted an affidavit from its president, Doug Jacobs, which set forth the licensing fee schedule for the Soccer Game. For a venue with a capacity of 150 people, the licensing fee was $1,250.00. Consequently, Innovative has established its conversion damages.

**Costs**

Innovative requested 14 days, post-judgment, to submit its requests for costs. Costs should be awarded pursuant to 28 U.S.C. § 1920.

**Dismissal of Remaining Claims**

Federal Rule of Civil Procedure 15(a) is the appropriate vehicle to withdraw an individual claim. *See, e.g., Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 697-88 (9th Cir. 2005). Under Fed. R. Civ. P. 15(a)(2), Innovative may amend its complaint with the opposing party's consent or leave of Court. Here, Innovated moved to dismiss its three remaining claims. There is no reason for the Court to deny leave. *See* Fed. R. Civ. P. 15(a)(2).

Accordingly,

It is Ordered that the motion for default judgment be, and hereby is, Granted only as to the conversion claim.

It is further Ordered that all other claims be, and hereby are, Dismissed.

It is further Ordered, Adjudged, and Decreed that judgment be, and hereby is, Entered in favor of Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media, and against Defendants Edwin Uriel Alvarado, d.b.a. Copan Sula

Restaurant, Hector Leonel Alvarado, d.b.a. Copan Sula Restaurant, and Honduran Enterprises, Inc., d.b.a. Copan Sula Restaurant, jointly and severally, in the amount of $1,250.00.

**It is further Ordered** that Innovative may submit a Bill of Costs to the Clerk of Court within 14 days of this Order and Judgment.

Date: August 27, 2021

Terry J. Hatter, Jr.
Senior United States District Judge